UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOBBY CARROLL, SR., ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                   **06-3955**

**LAFAYETTE INSURANCE CO.**                                  **SECTION B(1)**

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 5) and Defendant's Opposition To Motion To Remand (Rec. Doc. No. 17). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

Plaintiffs filed a petition in state court claiming that their total losses sustained from Hurricane Katrina should be paid in accordance with the valuation provisions of La. R.S. 22:695(A), Louisiana's Valued Policy Law ("VPL"). Defendant filed a Notice of Removal on the basis of supplemental subject matter jurisdiction pursuant to 28 U.S.C. §§ 1369, 1441(e)(1)(B) and 1367. Plaintiffs challenge the existence of federal subject matter jurisdiction.

*DISCUSSION*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co. Of America*, 114 S.Ct. 1673, 1675 (1994). As such, federal courts possess only the power authorized by the Constitution and Congress. *Id.* (citations omitted). "It

1

is to be presumed that a cause lies outside of this limited jurisdiction (citations omitted) and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* (citations omitted).

Defendant contends that federal subject matter jurisdiction exists under 28 U.S.C. §§ 1369, 1441(e)(1)(B) and 1367. 28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if—
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

Furthermore, § 1369 (b) provides:

> The district court shall abstain from hearing any civil action described in subsection (a) in which –
>
> (1) the substantial majority of all plaintiffs are citizens if a single State of which the primary defendants are also citizens; and

2

>     (2) the claims asserted will be governed
>         primarily by the laws of that State.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C. § 1367 provides for supplemental jurisdiction over any claims that are so related to claims in which the district court has original jurisdiction.

Defendant contends that the Court has supplemental jurisdiction over this action under 28 U.S.C. § 1441(e)(1)(B) because Lafayette Insurance Company is a defendant in several proceedings which are or could have been brought under 28 U.S.C. § 1369 including *Chehardy*, *Caruso*, and *Randall*.

On March 16, 2006, Judge Polozola issued an order finding jurisdiction over *Chehardy* pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1332 (d) and 28 U.S.C. § 1369. On April 11, 2006, an order was issued consolidating *Chehardy* with *In re: Katrina Canal Breaches* (05-4182). On June 2, 2006, Lafayette Insurance Co. was added as a defendant to *In re: Katrina Canal Breaches* (05-4182). (Rec. Doc. No. 516). The Amended And Restated Complaint naming

Lafayette Insurance Company as a defendant asserted federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(d).  *In re: Katrina Canal Breaches* does **not** invoke 28 U.S.C. § 1369.  Consequently, Lafayette Insurance Company's status as a named Defendant in *In re: Katrina Canal Breaches* does not satisfy 28 U.S.C. § 1441(e)(1)(B) because Defendant failed to demonstrate that *In re: Katrina Canal Breaches* is an action which is or could have been brought under section 1369 in a United States district court.

Furthermore, Defendant failed to demonstrate that *In re: Katrina Canal Breaches* and *Carroll v. Lafayette Insurance Co.* arise from the same "accident."  28 U.S.C. § 1441(e)(1)(B).  Consequently, subject matter jurisdiction pursuant to 28 U.S.C. § 1441(e)(1)(B) is not supported by Lafayette Insurance Company's status as a defendant in *Chehardy*.

In *Randall*, no Motion To Remand was filed.

In *Caruso*, a Motion To Remand was filed.  However, the Court has not ruled on this Motion.

Defendant did not demonstrate that it is "a party to an action which is or could have been brought, in whole or in part, under section 1369."  28 U.S.C. § 1441(e)(1)(B).  Further, Defendant did not demonstrate that *Chehardy, Randall, Caruso*, and *Carroll v. Lafayette Insurance Co.* arose from the same "accident."  As such, Defendant failed to meet his burden to establish that federal

jurisdiction exists pursuant to 28 U.S.C. § 1441(e)(1)(B).

Furthermore, 28 U.S.C. § 1367 is inapplicable. Defendant asserted that the federal court may exercise supplemental jurisdiction over this matter pursuant to U.S.C. § 1367 because the federal courts have original jurisdiction over the proceedings in which the Defendant has already been named. However, as discussed, the issue of whether the Court has proper subject matter jurisdiction over the named proceedings is unresolved. Therefore, 28 U.S.C. § 1367 does not apply.

Defendant asserts that subject matter jurisdiction exists under 28 U.S.C. § 1369 or U.S.C. § 1441(e)(1)(B). The Defendant has the burden of proving that the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a).

An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4. Plaintiffs contend that the action arose out of Hurricane Katrina, an Act of God. Whereas, Defendant asserts that the action arose out of the breach of the levee which constituted a "natural event culminating in an accident." Defendant cited Judge Duvall's *Flint* in support of his argument. In *Flint*, Judge Duvall noted that no court has held Hurricane Katrina to be an accident. However, Judge Duvall reasoned that a levee breach may be an "accident" under §

1369.

Although a levee breach may constitute an "accident" consistent with § 1369, Defendant would be hard pressed to convince the Court that Plaintiffs' action arises out of ONE levee breach. The Court takes judicial notice of published reports by the United States Corps of Engineers and public media sources that the Corps admits to certain design, construction and/or maintenance flaws throughout the levee system.  Multiple levee breaches contributed to the flooding in New Orleans.  According to the pleadings, Plaintiffs are citizens throughout Orleans Parish and, therefore, various Plaintiffs may have sustained losses resulting from differing levee breaches.  Even in the light most favorable to the Defendant, the Defendant cannot satisfy the requirements of § 1369 because Plaintiffs' action arises out of a series of events culminating in multiple accidents not out of an "accident" as required under § 1369.

Furthermore, Plaintiffs contend that the "accident" did not occur in a "discrete location."  Plaintiffs argue that a discrete location would be similar to the site of a train wreck or a fire in a nightclub.  Whereas, Defendant argues that the "discrete location" requirement was included to ensure efficient judicial economy.  The statute does not provide a definition for a "discrete location."  There were multiple breaches at several locations- not discrete.

Furthermore, the minimal diversity requirement in 28 U.S.C. § 1369(a) is not satisfied. 28 U.S.C. § 1369(c) provides "minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in section 1603(a) of this title." According to the Notice of Removal By Lafayette Insurance Company (Rec. Doc. No. 1), Plaintiffs and Defendant are citizens of Louisiana. Therefore, the minimal diversity requirement is not satisfied and 28 U.S.C. § 1369(a) is not applicable.

Thus, Defendant is unable to satisfy its burden to establish federal subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand (Rec. Doc. No. 5) is **GRANTED.**

New Orleans, Louisiana, this 5th day of September, 2006.

UNITED STATES DISTRICT JUDGE